UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO CRUZ AMAYA, also known as AARON ROJAS,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>L. A. MARTINEZ,<br><br>　　　　　　　　Respondent. | Case No. 2:23-cv-00559-WLH-SSC<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |

In his petition for habeas corpus, state prisoner Horacio Cruz Amaya challenges his indeterminate sentence as unconstitutional and illegal under California law.  The Court has reviewed the petition as required by federal procedure and finds that the state-sentencing errors alleged do not present a federal question and are thus not cognizable on habeas review, and further that they plainly lack merit.  Petitioner is ordered to show cause in writing why his petition should not be dismissed.

# I

On September 13, 2012, a Los Angeles County Superior Court jury convicted Petitioner[1] of second-degree murder (Cal. Penal Code § 187(a)) and evading an officer causing death (Cal. Veh. Code § 2800.3(b)). (ECF 1 at 25–26.) Petitioner admitted to having served three prior prison terms before this conviction, triggering the sentencing requirements of Section 667.5(b) of the California Penal Code. *People v. Rojas*, No. B245433, 2014 WL 645249, at *2 (Cal. App. Feb. 20, 2014).[2] On November 1, 2012, Petitioner was sentenced to an aggregate term of 18 years to life in state prison, consisting of an indeterminate 15-years-to-life term for the murder conviction and three consecutive one-year enhancements pursuant to Section 667.5(b). (ECF 1 at 25–27.) On direct appeal, Petitioner challenged only the calculation of his presentence custody credits. *Rojas*, 2014 WL 645249, at *1.

Approximately ten years after his conviction and sentence, Petitioner unsuccessfully moved in the Los Angeles County Superior Court for a modification of his sentence. (ECF 1 at 9–10, 15–23); *see also* Los Angeles County Superior Court Online Criminal Case Summary, https://www.lacourt.org/criminalcasesummary/ui/ (agree to disclaimer; then search case number PA06800; select Defendant Aaron

---

[1] Petitioner's aliases as found in the record before the Court include: Aaron Rojas, Arron Roias, Amaya Horacio, Horacio Cruz Amaya, Aaron Esqueda Rojas, and Victor Martinez. (ECF 1 at 1, 8–9, 13, 15–16, 23, 25–27, 44–45.)

[2] The Court takes judicial notice of Petitioner's state court records, including the California Court of Appeal's decision on direct review of Petitioner's judgment of conviction and the state courts' docket information. *See* Fed. R. Evid. 201(b); *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and pleading that included as attachment the state court's decision on direct appeal). Further, the Court assumes for purposes of this analysis only that Petitioner's claims are timely and properly exhausted.

1   Esqueda Rojas, General Jurisdiction; select Events; see entries for June
2   22, 2022 and August 15, 2022) (last visited July 27, 2023).  His motion
3   argued that his indeterminate sentence was unlawful under California
4   law.  (ECF at 15–23.)

5       The California Court of Appeal summarily denied a petition for
6   writ of mandate challenging the Superior Court's denial of his
7   requested sentencing modification.  *See* California Appellate Courts
8   Case Information, https://appellatecases.courtinfo.ca.gov (select Second
9   Appellate District; then search case number B323511) (last visited July
10  27, 2023).  The California Supreme Court summarily denied a petition
11  for review of the California Court of Appeal's denial.  *Id.* (select
12  Supreme Court; then search case number S277038) (last visited July
13  27, 2023).

14      On January 23, 2023, Petitioner filed a Petition for Writ of Habeas
15  Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.
16  (ECF 1.)  He states two grounds for relief.  First, Petitioner challenges
17  the "[u]nauthorized Indeterminate Sentence pursuant to [California
18  Penal Code] § 187(a) of 15 [years] to life based on the fact that the
19  Indeterminate Sentencing Law was repealed," and further argues that
20  "both terms of 15 years to life are two separate and distinct terms that
21  constitute dual punishment for the same crime in direct violation of
22  [California Penal Code] § 654."  (*Id.* at 5, 9–13.)  This is the same claim
23  raised in his motion for resentencing before the Superior Court.
24  Second, and relatedly, Petitioner argues his continued imprisonment
25  based on an unlawful indeterminate sentence amounts to "[u]nlawful
26  confinement in direct violation of [California Penal Code] § 236 False
27  Imprisonment." (*Id.* at 5, 10, 12.)

28

3

## II

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to examine newly filed petitions and to dismiss them where it is plain that a petitioner is not entitled to relief. *Clayton v. Biter*, 868 F.3d 840, 845–46 (9th Cir. 2017). Here, the petition fails for several reasons.

## A

The petition alleges only state-law and no federal-law violations. Federal habeas review is limited to deciding whether a judgment violates the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Generally, matters relating solely to the interpretation or application of state law, particularly state sentencing law, are not cognizable on federal habeas review. *See id.* at 67–68 (federal habeas relief unavailable for errors of state law); *see also Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (state court's alleged misapplication of state sentencing law cannot form the basis of a federal habeas claim); *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) (considering argument that sentencing judge violated state law and finding "violations of state law are not cognizable on federal habeas review").

To raise a cognizable federal habeas claim based on a purported state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process . . . violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Importantly, a habeas petitioner "may not . . . transform a state-law issue into a

4

1 federal one merely by asserting a violation of due process." *Langford v.*
2 *Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).
3      Although Petitioner asserts that his indeterminate sentence is
4 "unconstitutional," the petition, like Petitioner's state-court motion for
5 modification of sentence, is based entirely on the purported
6 misapplication of California sentencing laws. (ECF 1 at 5, 9–13, 15–22.)
7 The petition does not invoke any federal basis for relief and does not
8 show that any fundamental unfairness occurred based on the state
9 court's application of its sentencing laws. Thus, the petition fails to
10 present a federal question and the claims are not cognizable.

## B

12      Even if the Court could find any of Petitioner's claims cognizable,
13 his claims are based solely on his misunderstanding of state law.
14 Contrary to Petitioner's contention, California Senate Bill 42, also
15 known as the Uniform Determinate Sentencing Act of 1976, did not
16 eliminate all indeterminate sentences in California. *See In re Monigold*,
17 139 Cal. App. 3d 485, 491 (1983) ("[W]ith the original enactment of the
18 [Uniform Determinate Sentencing Act] the Legislature provided for two
19 classes of prisoners, those sentenced to determinate terms under [the
20 determinate sentencing scheme], and those sentenced to indeterminate
21 terms [for life-sentence crimes] under section 1168."). Moreover, in
22 1978, long before Petitioner's 2012 conviction and sentence for second-
23 degree murder, Section 190 of the California Penal Code was enacted,
24 thereby increasing the punishment for second-degree murder "from a
25 determinate term of five, six or seven years to an indeterminate term of
26 fifteen years to life." Cal. Penal Code § 190(a); *Monigold*, 139 Cal. App.
27 3d at 490 ("By an initiative measure adopted at the November 7, 1978,
28 General Election, the punishment for second degree murder was

increased from a determinate term of five, six or seven years to an indeterminate term of fifteen years to life."); *see also In re Morrall*, 102 Cal. App. 4th 280, 288 (2002) ("[T]he Legislature excluded certain crimes, such as the second degree murder in this case, from the determinate sentencing scheme applicable to other offenses.").

Petitioner's claim that his indeterminate sentence violates state law because it amounts to multiple punishments for the same crime similarly rests on a misunderstanding of California law. Section 654 of the California Penal Code prohibits multiple punishments for the same criminal act pursuant to different provisions of law. Cal. Penal Code § 654(a). Petitioner's indeterminate sentence, however, does not violate Section 654 because his sentence is a single term of imprisonment imposed under a single provision of law, that is, Section 190 of the California Penal Code.

Ultimately, Petitioner received an indeterminate 15-years-to-life sentence for his second-degree murder conviction as prescribed by California law. Thus, it appears from the face of the petition that Petitioner cannot prove any sentencing error, much less an error "so arbitrary or capricious as to constitute an independent due process" violation. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

## ORDER

Because the petition does not appear to present any claims cognizable on federal habeas review, and any potentially cognizable claims plainly lack merit, the Court orders Petitioner to show cause, **no later than August 28, 2023**, why the Court should not recommend dismissal of the petition for the reasons set forth above.

1 **If Petitioner does not file a timely response to this Order to**
2 **Show Cause, the magistrate judge will recommend that the**
3 **Court dismiss the petition for failure to prosecute and/or**
4 **comply with court orders.**

Dated: July 27, 2023

_____
HONORABLE STEPHANIE S. CHRISTENSEN
United States Magistrate Judge

7